## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

| | | |
|---|---|---|
| MARVIN RAY BERRY  #09358 | § | PETITIONER |
| | § | |
| v. | § | Civil Action No. 3:12CV713-TSL-JCG |
| | § | |
| JAMES HOLMAN | § | RESPONDENT |

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Application of Marvin Ray Berry ["Petitioner"] for Writ of Habeas Corpus [1] pursuant to Title 28, United States Code, Section 2254 filed October 19, 2012.  On December 18, 2013, James Holman ["Respondent"] filed a Response [11] to the instant Petition.   Petitioner filed a Traverse [21] on July 17, 2013.  Having considered the Petition, Response, Traverse, the pleadings and records on file, the arguments of the parties, and the relevant legal authority, the undersigned United States Magistrate Judge recommends that Petitioner's request for relief pursuant to 28 U.S.C. § 2254 be denied.

## I. FACTS AND PROCEDURAL HISTORY

On August 16, 2007, Petitioner was charged in an indictment with the crime of possession of cocaine in violation of § 41-28-139 (c)(1)(C) of MISS. CODE ANN. (1972).  R. [12-1, at p. 8].  On March 10, 2008, and prior to the commencement of trial in the Circuit Court of Hinds County, Mississippi, the prosecutor filed a Motion to Amend Indictment to charge Petitioner as an habitual offender pursuant to § 99-19-83 of MISS. CODE ANN. (1972). R. [12-1, at p. 13].  The trial court granted the State's Motion and an Order was filed March 25, 2008, amending the indictment to

include charging Petitioner as an habitual offender based upon his prior convictions for house burglary and armed robbery.  R. [12-1, at pp. 19].

A jury found Petitioner guilty of possession of cocaine on March 26, 2008. Jury Verdict, R. [12-1, at pp. 41-42].  On April 10, 2008, following a sentencing hearing, the trial court sentenced Petitioner as an habitual offender to life in the custody of the Mississippi Department of Corrections ["MDOC"] without parole pursuant to Mississippi Code § 99-19-83.  *See* Judgment of Conviction, R. [12-1, at p. 46].

Subsequent to the denial of his post-trial motions, Petitioner, through counsel, perfected an appeal.[1]  Not. of Appeal, R. [12-1, at pp. 65, 720, 723].  On September 24, 2009, the Court of Appeals granted Petitioner's Motion for Complete Record and Stay of Appeal and his appeal was stayed pending remand to the Circuit Court of Hinds County in order for the trial court to reconstruct the record of Petitioner's sentencing hearing.  Order, R. [12-1, at pp. 680-81].  On March 1, 2011, the Mississippi Court of Appeals affirmed Petitioner's conviction and sentence and recounted the facts leading to Petitioner's conviction:

> On March 15, 2007, the Hinds County Sheriff's Department organized a drug sting at the Best Value Hotel in Jackson. The sheriff's department, through a confidential informant, arranged to have Berry deliver drugs to the informant at the motel. Berry was arrested for possession of cocaine when he approached the designated hotel room.

---

[1]At trial Petitioner was represented by retained counsel Carter Dobbs and Micah Dutro. R. [12-1 at p. 73].  Michael Marks and Julie Epps filed a Notice of Appeal and represented Petitioner during his direct appeal. Petitioner, proceeding pro se, filed the pleadings associated with his post-conviction application.

During trial, the State first presented testimony from Ricky Barner, one of the arresting officers on the scene the evening of the drug sting. Barner testified that a confidential informant had arranged for Berry to bring drugs to the hotel room, and that once Berry arrived, officers attempted to apprehend him and Berry dropped a prescription pill bottle. Barner testified that he retrieved the prescription pill bottle, which was issued to Berry, and that it contained a rock-like substance. The State then called Chancey Bass, a forensic scientist, who tested the contents of the bottle and testified that the rock-like substance contained cocaine. The State then produced Officers Robert Mahaffey and Kevin Swinney; both testified that they were the only officers within the hotel room when Berry arrived.

Berry testified in his own defense and insisted that he went to the hotel room in order to meet an old girlfriend. Berry's brother-in-law, Gary Thompson, also testified that Berry was going to see a girlfriend. Thompson claimed he went to the hotel with Berry because he intended to borrow Berry's vehicle during the visit. Both defense witnesses suggested that there were approximately twenty officers at the hotel, and that the twenty officers physically beat Berry upon his arrival.

The State produced two witnesses in rebuttal. Tammy Gaines, booking lieutenant for the Hinds County Detention Facility, testified that Berry's booking records revealed that Berry had no injuries upon arrival. Officer Barner then took the stand again, and testified that there were only two officers inside the hotel room, and a maximum of six officers outside of the room but within the hotel perimeter.

*Berry v. State*, 75 So. 3d 1053, 1056 (Miss. Ct. App. 2011).

On August 15, 2011, Petitioner's Motion for rehearing was denied by the Mississippi Court of Appeals.[2]  R. [12-1, at p. 583].  A petition for rehearing in the Mississippi Supreme Court was denied on November 17, 2011.[3]   R.[12-1, p. 527].

---

[2]The Order was signed on August 15, 2011, and file stamped with the Clerk of Court on August 23, 2011.

[3]The Order was signed on November 17, 2011, and file stamped with the Clerk of Court on December 1, 2011.

-3-

Petitioner filed a Motion for Post-Conviction relief with the Mississippi

Supreme Court on May 8, 2012, asserting the following as error:

> (1) THE TRIAL COURT ILLEGALLY SENTENCED PETITIONER AS
> AN HABITUAL OFFENDER
>
> (2) TRIAL COURT ERRED IN GRANTING STATE'S MOTION TO AMEND
> INDICTMENT
>
> (3) STATE FAILED TO DISCLOSE THAT SHARON KYLES WOULD TESTIFY
> AT THE SENTENCING HEARING IN VIOLATION OF U.C.C.C.R. 9.04
>
> (4) THE TRIAL COURT FAILED TO CONDUCT SUFFICIENT INQUIRY
> INTO PETITIONER'S COMPETENCE TO STAND TRIAL
>
> (5) INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

R. [12-7, at pp. 760-782].

Petitioner filed an Amended Motion for Post-Conviction Relief on June 5, 2012, to

include the following additional assignments of error:

> (1) THE TRIAL COURT FAILED TO RECORD BENCH CONFERENCES
> RESULTING IN A FAILURE TO PRESERVE TRIAL RECORD
>
> (2) INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL FOR FAILURE
> TO ASSERT THE ERROR REGARDING THE PRESERVATION OF THE
> TRIAL RECORD

R. [12-7, at pp. 746-750].

On July 26, 2012, the Mississippi Supreme Court, finding Petitioner failed to

make the requisite substantial showing of a denial of a state or federal right,

entered the following Order denying Petitioner's Application for Leave to File

Motion for Post-Conviction Relief:

> . . . the issue of the amended indictment charging Berry as a
> habitual offender and his claim of error regarding the testimony of the

-4-

verifying witness were raised and addressed on direct appeal. . . . Therefore, these issues are procedurally barred. . . . Barry's claim that he was incompetent due to mental illness is raised here for the first time; however, this issue was capable of determination at trial and/or on direct appeal and is now procedurally barred. . . . Notwithstanding the procedural bar, the panel finds that this issue is without merit.

As to the his claim of ineffective assistance of counsel, Berry fails to specifically allege facts to support the assertion and fails to demonstrate that but for counsel's deficient performance the results of the trial would have been different.

Order R. [11-2, at pp. 1-2, citations omitted].

On October 19, 2012, Petitioner filed the instant § 2254 Application asserting

the following assignments of error:

(1) DEPRIVATION OF RIGHT TO A FAIR TRIAL IN VIOLATION OF CONSTITUTIONAL RIGHT TO CONFRONTATION/CROSS EXAMINATION

(2) VIOLATION OF CONSTITUTIONAL RIGHT TO CONFRONTATION/CROSS EXAMINATION BY TRIAL COURT OVERRULING OBJECTION

(3) VIOLATION OF CONSTITUTIONAL RIGHT TO COUNSEL OF CHOICE

(4) DEPRIVATION OF RIGHT TO A FAIR TRIAL AND VIOLATION OF RIGHT TO DUE PROCESS IN ALLOWING TESTIMONY OF TAMMY GAINES AT TRIAL

(5) THE TRIAL COURT ERRED IN SENTENCING PETITIONER AS AN HABITUAL OFFENDER RESULTING IN DEPRIVATION OF RIGHT TO A FAIR TRIAL AND VIOLATION OF  RIGHT TO DUE PROCESS

(6) DEPRIVATION OF RIGHT TO A FAIR TRIAL AND VIOLATION OF RIGHT TO DUE PROCESS RESULTED WHEN THE TRIAL COURT PERMITTED CERTAIN TESTIMONY AND COMMENTS DURING TRIAL

(7) DEPRIVATION OF RIGHT TO A FAIR TRIAL AND VIOLATION OF RIGHT TO DUE PROCESS RESULTED WHEN THE TRIAL COURT PERMITTED PROSECUTOR TO QUESTION WITNESS THOMPSON REGARDING PRIOR INCONSISTENT STATEMENTS WITHOUT PROOF

(8) DEPRIVATION OF RIGHT TO DUE PROCESS RESULTED WHEN THE TRIAL COURT PERMITTED AN AMENDMENT OF INDICTMENT TO CHARGE PETITIONER AS AN HABITUAL OFFENDER PURSUANT TO MISS. CODE ANN. § 99-19-83

(9) DEPRIVATION OF RIGHT TO FAIR TRIAL AND VIOLATION OF RIGHT TO DUE PROCESS RESULTED WHEN THE TRIAL COURT FAILED TO MAKE INQUIRY INTO PETITIONER'S MENTAL COMPETENCY TO STAND TRIAL

(10) DEPRIVATION OF SIXTH AMENDMENT RIGHT AS A RESULT OF INEFFECTIVE ASSISTANCE OF COUNSEL

(11) DEPRIVATION OF RIGHT TO A FAIR TRIAL AND VIOLATION OF RIGHT TO DUE PROCESS RESULTED WHEN THE TRIAL COURT PERMITTED THE TESTIMONY OF SHARON KYLES IN VIOLATION OF DISCOVERY RULES

(12) THE TRIAL COURT ERRED IN FAILING TO PROPERLY PRESERVE THE RECORD FOR APPEAL

§ 2254 Petition [1], p. 5-11, 17-18.

## II. DISCUSSION

A.   PETITIONER'S CLAIMS AND APPLICATION OF THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996

The Antiterrorism and Effective Death Penalty Act ["AEDPA"] governs this

Court's review of these issues and provides in part as follows:

(d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the Antiterrorism and Effective Death Penalty Act ["AEDPA"], where the issues were previously decided in the state court on the merits, that adjudication is entitled to deference. *Amos v. Thornton*, 646 F.3d 199, 204 (5th Cir. 2011). The federal courts do not function as super appellate courts over the states and hold no supervisory authority over those courts. The Court may not correct errors of state law unless they also violate the constitutional rights of an accused. *Smith v. Phillips*, 455 U.S. 209, 221 (1981); *Engle v. Isaac*, 456 U.S. 107, 121, n. 21 (1982). Habeas review of the issues presented in Berry's petition is barred unless the Court determines that the state court's decisions were "contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Under the "contrary to" test of AEDPA, a federal court may grant a writ of habeas corpus, with respect to the claims adjudicated on the merits in state court, only if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decided a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S.

362, 402-03 (2000). Additionally, under the "unreasonable application" standard of review of a state court decision, federal courts should inquire whether the state court's application of clearly established federal law was objectively unreasonable. *Tucker v. Johnson*, 242 F.3d 617, 620-21 (5th Cir. 2001). The statute presumes each factual finding by the state court is correct. These findings can be disturbed only if the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. §2254(e)(1). The Court considers all evidence in the light most favorable to the prosecution, while referring to the substantive evidence of the criminal offense as defined by state law. *Weeks v. Scott*, 55 F.3d 1059, 1062 (5th Cir. 1995).

The law on handling questions of state law is clear. A state's interpretation of its own laws or rules is no basis for federal habeas corpus relief since no constitutional question is involved. *Bronstein v. Wainwright,* 646 F.2d 1048, 1050 (5th Cir. 1981). The role of a federal court is more limited than that of the state appellate court. *Skillern v. Estelle,* 720 F.2d 839, 852 (5th Cir. 1983). In *Mendiola v. Estelle,* 635 F.2d 487 (5th Cir. 1981), the Court stated: "[w]e have repeatedly admonished that we do not sit as a super state supreme court on a habeas corpus proceeding to review error under state law." *Id*. at 491. The "federal courts hold no supervisory power over state judicial proceedings," and federal habeas corpus relief is appropriate only when a conviction has been obtained in violation of some constitutionally protected right. *Smith v. Phillips,* 455 U.S. 209, 221 (1981). A "mere error of state law" is not a denial of due process. *Engle v. Isaac,* 465 U.S. 107, 121 and n.21 (1982). On the contrary,

"mere errors of state law are not the concern of this Court . . . unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution." *Wainwright v. Goode,* 464 U.S. 78, 86 (1993) (quoting *Gryger v. Burke,* 334 U.S. 728, 731 (1948)).

The Court's review of Berry's Petition and the state court proceedings indicates that the claims asserted have been raised and previously considered by the state courts.  Grounds One, Two, Three, Four, Six and Seven of the Petition were considered on the merits by the Mississippi Court of Appeals in the direct appeal of Berry's conviction and sentence.  Grounds Five, Eight, Nine, Ten, Eleven, and Twelve were considered on the merits by the Mississippi Supreme Court in post-conviction review.

1.   ISSUES ONE AND TWO CONFIDENTIAL INFORMANT AND CONFRONTATION CLAUSE VIOLATIONS

Petitioner raised issues (1) and (2) in his direct appeal and they were considered and denied on the merits by the Mississippi Court of Appeals.  Petitioner contends that he was denied his right to confront, refer to, and cross examine the confidential informant witness and law enforcement officers who testified about the details surrounding his arrest, and as a result, his defense was unfairly prejudiced. Specifically, Petitioner contends that "without being able to call the C.I. or refer to the absence of her testimony about what occurred after Berry was arrested, Berry was deprived of his right to present a defense and to cross-examine the officers about where she was and what she could have seen and why she was not called to refute Berry's claim that she called him for sex and not for drugs." Mem. in Supp. Of Pet. [2] at p. 18.

During opening statements the prosecutor objected to any reference to the confidential informant. The State thereafter moved to exclude testimony regarding the identity of the confidential informant and any reference as to why the informant was not called upon by the State to testify at trial. R. [12-2, at pp. 193-97]. The trial court's granting of this motion *in limine* forms the basis of Petitioner's first claim.

The state appellate court found Petitioner's argument to be unpersuasive: "[t]he record shows that Berry was aware of the identity of the informant and considered the informant a girlfriend. Neither party was prevented from calling the informant to testify at trial. Therefore, questioning a witness regarding the failure to call the informant to testify is improper." *Berry v. State*, 75 So. 3d 1053, 1058 (Miss. Ct. App. 2011).

The facts and circumstances surrounding the trial court's ruling limiting the scope of Petitioner's cross-examination relating to the confidential informant were properly considered by the state court and as such Petitioner's claim does not warrant habeas relief.

Petitioner's confrontation clause challenge also encompasses his argument that trial court improperly overruled his objection to hearsay testimony from Investigator Barner regarding the informant. Specifically, Petitioner submits that the admission of Officer Barner's testimony relating to information obtained from the confidential informant amounted to a hearsay violation resulting in undue prejudice to his defense.

During trial Barner testified that he "made a phone call to Mr. Berry. Informed him of what we wanted." *Berry v. State*, 75 So. 3d 1053, 1058 (Miss. Ct. App. 2011).

Barner later testified that it was the informant and not Barner who made the phone call to Petitioner.

The Court of Appeals considered Petitioner's hearsay objection relating to Officer Barner's testimony and concluded that: "Berry was convicted based upon evidence the officers acquired during the pursuit of Berry. Thus, we find that the trial court did not err in admitting the officer's testimony regarding information obtained by the informant." *Id.* at 1058.

The state court determined that this was not improper hearsay evidence. Based upon the record before the Court, it is the opinion of the undersigned that the state court's decision was not an "unreasonable application" of the clearly established federal law in this regard. As such, Petitioner is not entitled to habeas relief.

2. ISSUE TEN - INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner claims he received ineffective assistance of counsel at the appellate level. Petitioner cites to his counsel's failure to assert certain claims as part of his direct appeal including: trial court erred in sentencing Petitioner as an habitual offender; trial court failed to properly investigate Petitioner's mental competency; trial counsel failed to challenge certain evidentiary rulings thereby rendering ineffective assistance of counsel. Mem. in Supp. of § 2254 Pet. [2], at pp. 70-73.

This ineffective assistance claim was raised in Petitioner's *pro se* motion for post-conviction relief, and as such, this issue was "adjudicated on the merits" by the Mississippi Supreme Court. The Court determined that: "Berry's claims of ineffective assistance of counsel fail to meet the standard set out in *Strickland v. Washington* and

are without merit." Order [11-2]. The decision of the Mississippi Supreme Court is therefore reviewed under § 2254(d)(1) because the right to effective counsel on appeal is "clearly established" federal law, and because ineffective assistance of counsel claims involve mixed questions of law and fact. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984); *Clark v. Thaler*, 673 F.3d 410 (5th Cir. 2012) ("Claims of ineffective assistance of counsel involve mixed questions of law and fact and are governed by § 2254(d)(1)."). The Supreme Court, however, applies an elevated "unreasonable application" standard of review in this particular context:

> Surmounting *Strickland*'s high bar is never an easy task. An ineffective assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom.

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).

*Harrington v. Richter*, 131 S.Ct. 770, 787-88 (2011) (internal citations and quotations omitted).

-12-

"In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Id*. "Instead, *Strickland* asks whether it is 'reasonably likely' the result would have been different. . . . The likelihood of a different result must be substantial, not just conceivable." *Id*. "When §2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id*.

In this case, Petitioner's claims of ineffective assistance of counsel do not warrant federal habeas corpus relief. As previously explained, ample evidence was admitted at trial to support Petitioner's conviction for possession of cocaine under Mississippi law. Moreover, the record does not demonstrate a "substantial likelihood" that the result would have been different with different counsel on appeal. *See Harrington v. Richter*, 131 S.Ct. 770, 787 (2011) ("Even under *de novo* review, the standard for judging counsel's representation is a *most deferential one*.") (emphasis added). Moreover, appellate counsel "does not have a duty to raise every 'colorable' claim on appeal, suggesting that appellate counsel has broad discretion in determining which issues are more likely to be successful." *Jones v. Barnes* , 463 U.S. 745, 751-754 (1983).

The conduct of counsel in this case satisfies *Strickland*, regardless of whether reviewed under a *de novo* or a "doubly" deferential standard. Accordingly, the state

court's rejection of Petitioner's ineffective assistance of counsel claims was not an unreasonable application of clearly established federal law.

Similarly, Petitioner has not offered new and/or reliable evidence in support of his ineffective assistance claim. As such, he has failed to demonstrate that it was "more likely than not that no reasonable juror would have convicted [him] in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted).

Upon review of the state court's decisions and the record, there is no indication of a miscarriage of justice.  The Supreme Court has taken great pains to emphasize the extremely narrow scope of this exception to the cause and prejudice requirement. *Sawyer v. Whitley*, 505 U.S. at 340.  Having reviewed the extensive record in this case, it is the opinion of the undersigned that Petitioner is not entitled to habeas relief on this ground.

3.  I<small>SSUE</small> T<small>HREE</small>  - C<small>HOICE OF</small> T<small>RIAL</small> C<small>OUNSEL</small>

Following the jury being empaneled and the trial getting underway, Petitioner announced to the trial court that he wished to fire his attorneys and retain new counsel. This issue, although asserted by Petitioner in his direct appeal as error committed by the trial court in failing to grant a continuance to secure new counsel, was considered by the Mississippi Court of Appeals:

> The denial of a last minute request for a continuance to retain new counsel is within the trial court's discretion. . . . The burden of showing manifest injustice is not satisfied by mere conclusory allegations but by concrete facts that show particular prejudice to the defendant. . . .  Berry did not provide any information of what his counsel failed to investigate in regard to his defense nor did he show any action, or lack of, that resulted in "manifest injustice." The trial court judge stated that Berry's

-14-

> attorneys were competent and very familiar with Berry's case.  Because
> Berry failed to prove that he suffered any injustice, we find this issue to
> be without merit.

*Berry*, 75 So.3d at 1059 [internal citations and quotations omitted].

The decision rendered by the state court was neither contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Additionally, the decision was not based on an unreasonable determination of the facts in light of the evidence.  Petitioner's third assignment of error does not support the grant of habeas relief.

    4.    ISSUE TWELVE - ERROR IN PRESERVING RECORD FOR APPEAL PURPOSES

Finally, Petitioner alleges that the trial court's bench conferences were not included in his appellate record, which resulted in his counsel filing an inadequate appellate brief on his behalf.  Petitioner raised this issue in his application for post-conviction relief and it was considered and denied on the merits by the Mississippi Supreme Court.

Subsequent to Petitioner's Notice of Appeal being filed, the Mississippi Supreme Court remanded the case to the trial court for completion of the record, "including the bench conferences if possible."  Order [11-4].  Following remand, the record was certified as complete by the Court Reporter. Order [11-6].  The record demonstrates that many of the issues taken up during the bench conferences were openly clarified on the record.  The state court's finding that this claim was without merit was neither contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. As such,

Petitioner is not entitled to habeas relief.

B.  STATE LAW PROCEDURAL BAR

1.  Standard of Review

Habeas corpus review under 28 U.S.C. § 2254 is barred in all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722, 749-50 (1991)(citing *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

"When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgement." *Sayre v. Anderson*, 238 F. 3d 631, 634 (5th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 728 (1991); *Amos v. Scott*, 61 F.3d 333, 338-39 (5th Cir. 1995)).  The adequacy of the procedural bars applied to the above referenced grounds by the state courts depends on "whether Mississippi has strictly or regularly applied it." *Id.* (citing *Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996)).

a.  Cause and Prejudice Exception

Unless a habeas petitioner shows cause and prejudice, a court may not reach the merits of procedurally defaulted claims in which the petitioner failed to follow applicable state procedural rules in raising the claims.  *Sawyer v. Whitley*, 505 U.S.

333, 338 (1992); *United States v. Petrus*, 44 F.3d 1004 (5th Cir. 1994).  In order to prove the "cause" prong of the test, Petitioner must show some external impediment which prevented him from raising the claim.  *United States v. Flores*, 981 F.2d 231 (5th Cir. 1993).

However, the Petitioner "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his appeal" and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Id*. The Fifth Circuit has specifically held that the Mississippi state courts regularly and consistently apply the contemporaneous objection bar. *Smith v. Black,* 970 F.2d 1383, 1387 (5th Cir. 1992).  Further, the Fifth Circuit Court of Appeals has held that §99-39-21(1) is an independent state procedural bar. *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997).

b.    Fundamental Miscarriage of Justice Exception

If Petitioner is unable to show cause, "the failure to raise the claim in an earlier proceeding may nonetheless be excused if he can show that a fundamental miscarriage of justice would result from this Court's failure to entertain the claim." *McCleskey v. Zant*, 499 U.S. 467, 502 (1991);  *Romero v. Collins*, 961 F.2d 1181, 1183 (5th Cir. 1992).  Such a miscarriage of justice would be indicated if a constitutional violation likely caused Petitioner to be convicted of a crime of which he is innocent.

2.   ISSUE FOUR - DISCOVERY AND DUE PROCESS VIOLATIONS

Petitioner contends that the testimony of Tammy Gaines, together with the state's failure to provide reciprocal discovery violated his right to due process and his right to a fair trial.  Mem. in Supp. R. [2, at p. 31].

During trial Petitioner testified that he was beaten and "stomped on" by numerous officers in black combat boots for a period of ten minutes resulting in extensive injuries.  R. [12-3, at pp. 294-95].   During cross examination, the state introduced a booking photograph of Petitioner wearing a white shirt with no visible injuries. The trial court admitted the photograph over defense counsel's objection. Tammy Gaines, an employee of the Hinds County Detention Center, was called as a rebuttal witness, over defense counsel's objection, regarding the booking photograph taken of Petitioner.   Gaines verified the photograph as being taken when Petitioner was booked and further testified that Petitioner represented that he had no injuries when he completed and signed the health screening intake form.

The Mississippi Court of Appeals considered this very issue as part of Petitioner's direct appeal and concluded that the holding set forth in *Davis v. State*, 43 So. 3d 1116, 1126 (Miss. 2010), required defense counsel to object to the admission on proper authentication grounds.  Because defense counsel did not raise a contemporaneous objection, the issue was improperly preserved for appeal. *Berry v. State*, 75 So. 3d at 1060. The Court of Appeals further concluded that the admission of the photograph and Gaines' testimony were admitted as proper rebuttal evidence. *Id*. at 1061.

-18-

The Court has examined the record and concludes that the state procedural rule relied on by the Court of Appeals is independent and adequate to support the judgment." *See Sayre v. Anderson*, 238 F. 3d 631, 634 (5th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).  Petitioner has failed to carry his burden of proof and has not shown "inconsistent and irregular" application of the state procedural bars. Therefore, Berry has defaulted these federal claims in state court pursuant to independent and adequate state procedural rules. *Stokes,* 123 F.3d at 861.  Accordingly, this assignment of error does not merit habeas relief.

   3.   ISSUE SIX - DEPRIVATION OF FAIR TRIAL AND DUE PROCESS

Petitioner next submits that the "prosecutor committed reversible error in asking questions which required Berry and his witnesses to call the police officers liars . . . and in misstating the burden of proof during closing argument."  Mem. in Supp. of § 2254 Pet. [2] at p. 45.  Petitioner's argument was considered and deemed to be procedurally barred by the Mississippi Court of Appeals:

> . . . defense counsel made no objection during the questioning or during closing argument and therefore, this issue was not properly preserved for appeal. *Davis v. State,* 43 So.3d at 1126 (¶ 35) (Miss. 2010).  Procedural bar aside, the State did not insist that either party was lying but merely acknowledged that two versions of events were presented to the jury. Therefore, the prosecutor merely informed the jury that they must decide which of the two versions of events they find most credible. This Court has consistently held that it is the responsibility of the jury to weigh and consider conflicting evidence, evaluate the credibility of the witnesses, and determine whose testimony should be believed. *Ford v. State,* 737 So.2d 424, 425 (¶ 8) (Miss. Ct. App.1999).

*Berry v. State*, 75 So. 3d 1053, 1063 (Miss. Ct. App. 2011).

Ultimately, the Mississippi Court of Appeals determined that because

"defense counsel made no objection based upon this issue during the questioning or during closing argument, . . . this issue was not properly preserved for appeal. *Davis v. State*, 43 So.3d at 1126 (¶ 35) (Miss. 2010)." *Berry*, 75 So. 3d at 1064. After consideration of the record, the undersigned concludes that the state procedural rule relied on by the Court of Appeals is "independent and adequate to support the judgement." *See Sayre v. Anderson*, 238 F. 3d 631, 634 (5th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Petitioner has failed to carry his burden of proof and has not shown "inconsistent and irregular" application of the state procedural bar.

4.    ISSUE SEVEN -EVIDENTIARY RULINGS AND SIXTH AMENDMENT VIOLATIONS

The prosecutor, during his questioning of  both Petitioner and his brother in law, requested that they acknowledge that there were contradicting versions of the night's events.  Petitioner complains that the scope of the prosecutor's cross examination of his brother-in-law Gary Thompson was improper and resulted in numerous instances of his witness being impeached. Mem. in Supp. of § 2254 Pet. [2] at p. 53.

The Mississippi Court of Appeals determined that because defense counsel failed to assert a contemporaneous objection, this issue was procedurally barred from appellate review.  *Berry v. State*, 75 So. 3d at 1063 (citing  *Davis v. State,* 43 So.3d at 1126 (¶ 35) (Miss. 2010).  Notwithstanding the procedural bar, the Court went on to consider the merits of the argument regarding the prosecutor's cross-

examination of Thompson:

> [p]rocedural bar aside, an appellate review of the admission or exclusion of evidence is to determine whether the trial court abused its discretion. . . . The final statement by Thompson is an admission of his prior inconsistent statements, and evidence that the conversation took place. Once a witness explains a prior inconsistent statement by admitting it, the statement cannot be admitted into evidence. We find this issue without merit.

*Berry*, 75 So. 3d at 1063-64 (citations omitted).

The undersigned concludes that the state procedural rule relied on by the Court of Appeals is "independent and adequate to support the judgement." *See Sayre v. Anderson*, 238 F. 3d 631, 634 (5th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner has failed to carry his burden of proof and has not shown "inconsistent and irregular" application of the state procedural bar.

The state court further determined Petitioner's arguments to be without merit: "the prosecutor's statements were based on testimony from various police officers and evidence acquired on the evening of the arrest, it merely informed the jury to decide which version to believe." *Berry*, 75 So. 3d at 1063. Petitioner's arguments do not warrant habeas relief in this Court.

5.    ISSUE NINE - PETITIONER'S MENTAL COMPETENCY CLAIMS

Petitioner contends that despite the medical evidence documenting his long history of mental illness, the trial court failed to make adequate inquiry into his mental competence in violation of his Sixth and Fourteenth Amendment due process rights. Mem. in Supp. of §2254 Pet. [2] at p. 66. Petitioner contends that his mental instability was evident to the trial court, in part by his last minute

request to terminate his attorneys immediately preceding the commencement of his trial.

In support of his argument, Petitioner tendered the Affidavit of his brother Jerome Young. The undersigned concludes that the Affidavit could, and should have been offered in support of Petitioner's previously asserted claims in his direct appeal and/or in his application seeking post-conviction relief. In addition, Petitioner has included numerous documents detailing previous mental and psychiatric evaluations and reports that date back to Petitioner's previous arrests.

The record before the Court reflects that prior to the commencement of trial, Petitioner indeed represented that he wanted to fire his attorneys and obtain new counsel. There was an extensive discussion between the trial judge and Petitioner which resulted in Petitioner proceeding to trial with his retained counsel. The Mississippi Supreme Court, in its Order denying Petitioner's application for post-conviction relief, addressed this same issue: "Berry's claim that he was incompetent due to mental illness is raised here for the first time; however, the issue was capable of determination at trial and/or on direct appeal and is now procedurally barred. Miss. Code Ann.§ 99-39-21. Notwithstanding the procedural bar, the panel finds that this issue is without merit." Order, R. [11-2, at p. 2].

The Mississippi Supreme Court, determined that this issue was procedurally barred pursuant to Miss. Code Ann. § 99-39-21. Because this waiver is consistently applied by the Mississippi courts, Petitioner's claim may only be considered under cause and actual prejudice or miscarriage of justice exceptions.

In the present case, Petitioner argues that his mental competency claims were not fully developed due to deficient performance by his counsel since his counsel failed to raise this issue. "[T]he question of cause for a procedural default does not turn on whether counsel erred or on the kind of error counsel may have made. So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland* . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default." *Murray v. Carrier,* 477 U.S. 478, 488 (1986).  As outlined previously, Berry has not established that his appellate counsel was ineffective under *Strickland,* and thus his mental competency claim remains procedurally barred.

6.    ISSUE FIVE - SENTENCING AS AN HABITUAL OFFENDER

Petitioner contends that because the evidence was insufficient to establish two prior convictions for which he actually served two terms of one year or more, he was improperly sentenced as an habitual offender under Mississippi Code § 99-19-83.[4]   Mem. in Supp. of § 2254 Pet. [2] at pp. 41-44.

---

[4]

Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

The record reflects that during Petitioner's sentencing hearing, the state called Sharon Kyle, an employee of the classification and records department at the Hinds County Detention Center. R. [12-3, at p. 138.].   In addition, a certified "pen pack" from the Mississippi Department of Corrections was introduced and admitted without objection.  *Id.* at. p. 143.  Therefore, the trial court had competent evidence of petitioner's prior convictions.

The Mississippi Court of Appeals considered the merits of Petitioner's arguments relating to being sentenced as an habitual offender:

> As for the armed robbery conviction, the State offered records to prove the date that Berry began his incarceration and an offense report documenting that he started a fire while incarcerated. The offense report was dated over a year after Berry's admittance date, but Berry claims that the State's evidence is insufficient to prove continuous incarceration. We disagree. Besides the offense report, the record indicates that Berry was convicted of armed robbery, sentenced to serve twenty-five years in the Mississippi Department of Corrections, with twenty-two years suspended, three years to serve in the Hinds County Jail and five years on probation. Pursuant to Mississippi Code Annotated sections 47–5–139 (Rev. 2004) and 47–7–3 (Supp. 2007), Berry was required to serve three years for his armed robbery conviction because an inmate convicted of armed robbery must serve the mandatory time required for parole eligibility, and an inmate convicted of armed robbery is not eligible for parole unless the inmate is sentenced to a term of more than ten years. Therefore, the State adequately proved that Berry was continuously incarcerated for more than one year on two separate occasions.
>
> As for Berry's argument that the State failed to meet its burden because Berry was incarcerated within a county jail rather than a state penitentiary, the Mississippi Supreme Court has held this argument to be "utterly absurd." *Huntley v. State*, 524 So.2d 572, 574–575 (Miss.1988). "[I]t would be utterly absurd for this Court to reach any other conclusion

---

MISS. CODE ANN. § 99-19-83.

than that the Legislature intended time spent in a local or county jail to count towards the term of imprisonment provided for in a sentence." *Id.*

The State met the burden of proof and the trial court was correct in ruling Berry to be an habitual offender. This issue is without merit.

*Berry*, 75 So.3d at 1061-1062.

"We have long recognized that a 'mere error of state law' is not a denial of due process.  . . . If the contrary were true, then 'every erroneous decision by a state court on state law would come to this Court' as a federal constitutional question.'" *Engle v. Isaac,* 456 U.S. 107, 121 and n.21 (1982) (citing *Gryger v. Burke,* 334 U.S. 728, 731 (1948).  Upon review of the record, it is the opinion of the undersigned that Petitioner has failed to demonstrate that he is entitled to relief because he has not shown that the Mississippi court unreasonably applied clearly established federal law.  *Smith*, 455 U.S. at 221.

### 7.   ISSUE EIGHT - AMENDMENT OF INDICTMENT AS AN HABITUAL OFFENDER

Petitioner next contends that he was denied due process as a result of the trial court permitting the State to amend the indictment to include charging him as an habitual offender pursuant to Mississippi Code § 99-19-83 and not affording him fair opportunity to argue against the motion.

Mississippi Uniform Circuit and County Court Rule 7.09 governs the amendment of indictments:

All indictments may be amended as to form but not as to the substance of the offense charged. Indictments may also be amended to charge the defendant as an habitual offender or to elevate the level of the offense where the offense is one which is subject to enhanced punishment for subsequent offenses and the amendment is to assert prior offenses

justifying such enhancement . . .. Amendment shall be allowed only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised.

U.R.C.C.C. 7.09.

The record reflects that prior to his trial getting underway, the State moved to charge Petitioner as an habitual offender and arguments were made by both sides.  Petitioner, prior to being charged with the crime that is the subject of the instant Petition, was sentenced to and had served terms of one year or more in the custody of MDOC for the crimes of house burglary and armed robbery.  At least one of Petitioner's prior felony convictions was deemed a crime of violence. R. [12-4, at pp. 6/380-86, 143, 145, 151].   The trial judge prior to sentencing Petitioner summarized the notice he was given: "[t]he Court spent an extensive amount of time or a reasonable amount of time going over very clearly with the defendant. The defendant stated that he understood and proceeded to trial notwithstanding advice by the Court about what the potential was if he were convicted of the current offense." R. [12-4, at p. 6].

The Mississippi Court of Appeals considered Petitioner's identical arguments regarding his sentencing:

> Besides the offense report, the record indicates that Berry was convicted of armed robbery, sentenced to serve twenty-five years in the Mississippi Department of Corrections, with twenty-two years suspended, three years to serve in the Hinds County Jail and five years on probation. Pursuant to Mississippi Code Annotated sections 47–5–139 (Rev.2004) and 47–7–3 (Supp.2007), Berry was required to serve three years for his armed robbery conviction because an inmate convicted of armed robbery must serve the mandatory time required for parole eligibility, and an inmate convicted of armed robbery is not eligible for parole unless the inmate is

sentenced to a term of more than ten years.   Therefore, the State adequately proved that Berry was continuously incarcerated for more than one year on two separate occasions.

*Berry v. State*, 75 So. 3d 1053, 1062 (Miss. Ct. App. 2011).

It is well established in the Fifth Circuit that, "the sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction." *Alexander v. McCotter,* 775 F.2d 595, 598 (5th Cir.1985) (quotation omitted).

Upon review, the record before the Court does not support Petitioner's claim that he was subjected to unfair surprise by the amendment.   Berry's claim asserts a violation of state law which is not a ground for obtaining habeas relief.   A "'mere error of state law' is not a denial of due process." *See Engle v. Isaac,* 456 U.S. 107, 121 n. 21, (1981) (citation omitted).

Based on the foregoing, the state court's sentencing Petitioner as an habitual offender to life imprisonment without parole under Section 99-19-83, and the appellate court's affirmance of that decision was not an "unreasonable application" of clearly established law. Petitioner is not entitled to habeas relief on this ground.

8.   ISSUE ELEVEN - IMPROPER TESTIMONY ADMITTED DURING SENTENCING HEARING

Petitioner asserts that a violation of Mississippi Uniform Circuit and County Court Rule 9.04, governing discovery, resulted from the trial court permitting

-27-

Sharon Kyles to testify during the sentencing hearing regarding his prison records.[5] This issue was raised and considered as part of Berry's direct appeal and application for post-conviction relief.

A state court's evidentiary rulings present cognizable habeas claims only if they run afoul of a specific constitutional right or render the petitioner's trial fundamentally unfair. *Johnson v. Puckett*, 176 F.3d 809, 820 (5th Cir. 1999)(citing *Cupit v. Whitley*, 28 F.3d 532, 536 (5th Cir.1994)). A federal habeas court's review of state court evidentiary rulings "is limited to determining whether a trial judge's error is so extreme that it constituted a denial of fundamental fairness" under the Due Process Clause. *Jackson v. Johnson,* 194 F.3d 641, 656 (5th Cir.1999). The undersigned concludes that because this is a state law issue that has been raised and considered, and because an "alleged violation of a state rule, without more, is not a cognizable ground for habeas corpus relief," Petitioner is not entitled to habeas relief. *Edwards v. Butler,* 882 F.2d 160, 164 (5th Cir. 1989)(citations omitted).

## III. <u>RECOMMENDATION</u>

Having considered the Petition, Response, Traverse, the record, and the relevant legal authorities, the undersigned United States Magistrate Judge recommends that Petitioner's request for relief pursuant to 28 U.S.C. § 2254 be

---

[5] Ms. Kyles merely certified public records. The facts used against Petitioner to prove that he had served more than one year on a prior violent crime conviction were in the records themselves, not in Ms. Kyle's testimony.

denied, and the Application for Writ of Habeas Corpus [1] filed by Petitioner Marvin Ray Berry be dismissed with prejudice.

## IV.  NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> [a]fter service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge.  Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects.  The District Judge need not consider frivolous, conclusive, or general objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object.  *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SO ORDERED AND ADJUDGED**, this the 22nd day of December, 2015.

*s/ John C. Gargiulo*

**JOHN C. GARGIULO**
**UNITED STATES MAGISTRATE JUDGE**

-29-