```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                    NORTHERN DIVISION
```

MARVIN RAY BERRY #09358                               PETITIONER

VS.                      CIVIL ACTION NO. 3:12CV713TSL-JCG

JAMES HOLMAN                                          RESPONDENT

ORDER

This cause is before the court on the report and recommendation entered by Magistrate Judge John C. Garguilo on December 22, 2015. Having reviewed the report and recommendation, the court concludes that it should be adopted with the following further observations:

Regarding issue one, even assuming that the confidential informant's testimony would have been relevant and material, it is manifest that where petitioner was aware of the confidential informant's identity and neither the prosecution nor the court prevented him from calling her as a witness, the state court's decision (albeit implicit) that Berry was not denied an opportunity to present a defense is neither contrary to, nor an unreasonable application of clearly established law. See Washington v. Texas, 388 U.S. 14, 87 S. Ct. 1920, 18 L. Ed. 2d 1019 (1967)(stating that Sixth amendment guarantees criminal defendant "compulsory process for obtaining witnesses in his favor" U.S. Const., Amdt. 6 (emphasis added)).

Regarding issue 2, the court is not persuaded that relief is warranted where the state court could have reasonably concluded that law enforcement officers did not testify as to testimonial statements made by the confidential informant. Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004)) (holding that "prosecution may not admit 'testimonial statements of a witness who [does] not appear at trial unless he [is] unavailable to testify, and the defendant ... had a prior opportunity for cross-examination'").

Regarding the issue raised by issue 3, choice of counsel, the court is not persuaded that the state court's decision denying this claim is either contrary to, or an unreasonable application of Morris v. Slappy, 461 U.S. 1, 11-12, 103 S. Ct. 1610, 75 L. Ed. 2d 610 (1983) (right to counsel is implicated only by "unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable delay").  Reviewing issue 10, as identified on pages 39-43 of Respondent's answer, there are certainly reasonable arguments that Berry's appellate counsel "satisfied Strickland's deferential standard," Harrington v. Richter, 562 U.S. 86, 105, 131 S. Ct. 770, 788, 178 L. Ed 2d 624 (2011), such that relief by this court is precluded.  Finally regarding issue 12, failure to preserve and transcribe the bench conference for use on appeal, see Mayer v. City of Chicago, 404 U.S. 189, 198, 92 S. Ct. 414, 30 L. Ed. 2d 372 (1971)(holding that due process and equal protection

2

clauses dictate that criminal defendant has right to adequate review of his conviction, including sufficiently complete record), as respondent's answer and the report and recommendation point out, Berry has failed to set forth any prejudice resulting from this failure. See Green v. Johnson, 160 F.3d 1029, 1045 (5th Cir. 1998) ("[B]arring a showing that the [failure to record bench conferences during trial] resulted in 'actual prejudice,' habeas relief is unwarranted.")(quoting Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S. Ct. 1710, 1722, 123 L. Ed. 2d 353 (1993)).

Based on the foregoing, it is ordered that the report and recommendation of United States Magistrate John C. Gargiulo entered on or about December 22, 2015, be, and the same is hereby, adopted as the finding of this court with the foregoing modifications.

It is further ordered that a certificate of appealability should not issue. Petitioner has failed to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and that "jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 24th day of March, 2016.

                                          /s/Tom S. Lee
                                          UNITED STATES DISTRICT JUDGE